UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Gary DeWayne Johnson

   v.                                        Civil No. 07-cv-161-PB

Angela Poulin, et al.[1]

**O R D E R**

Before the Court is Gary DeWayne Johnson's civil rights complaint, filed pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act, 42 U.S.C. 12132, et seq. ("ADA"). Johnson alleges that the defendants violated a number of his constitutional and statutory rights and retaliated against him for having exercised his constitutional rights.[2] The matter is

---

[1] Johnson has named the following defendants to this action: Northern New Hampshire Correctional Facility ("NCF") Media Generalist Angela Poulin, NCF Hearings Officer Paul Fortier, NCF Unit Manager Robert Thyng, NCF Maintenance Supervisor Joseph Bachofer, NCF Major Dennis Cox, NCF Warden Larry Blaisdell, and New Hampshire Department of Corrections ("DOC") Commissioner William Wrenn. In addition, I find that, while they are not listed in the caption of his action, Johnson also intended to name the following people as defendants to this action: DOC employee Christopher Kench, NCF Sargeant Wilson (first name unknown ("FNU")) and NCF Corporal FNU Mailhot.

[2] Johnson has filed a complaint (document no. 1) and several amendments to the complaint (document nos. 5, 8, 10 & 12-15).

before me for preliminary review to determine, among other things, whether or not plaintiff has stated any claim upon which relief might be granted.  See United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2)(A). For the reasons explained fully in the Report and Recommendation issued simultaneously with this Order, I direct that: (1) the claim alleging a denial of the right of access to the courts for disallowing Johnson's research of "inappropriate" phrases be served against defendants Thyng, Blaisdell, Wrenn, Kench, Wilson, Poulin, and Mailhot, (2) the claim alleging a due process violation for banning Johnson from the NCF law library be served against Thyng, (3) the claim alleging a denial of access to the

---

These documents, in the aggregate, will be construed to comprise the complaint in this matter for all purposes.  Johnson is advised, however, that future amendments to his complaint should comply with Local Rule 15.1, which states, in relevant part:

> (a) A party who moves to amend a filing shall (i) attach the proposed amended filing to the motion to amend, (ii) identify in the motion or a supporting memorandum any new factual allegations, legal claims, or parties, and (iii) explain why any new allegations, claims, or parties were not included in the original filing.
>
> (b) Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall reproduce the entire filing as amended and may not incorporate any prior filing by reference, except by leave of court.

courts based on the denial of access to legal research materials or a legal assistant proficient in the law be served against defendants Thyng, Cox, and Blaisdell, (4) the endangerment claim be served against defendant Bachofer, (5) the failure to protect claim be served against defendant Thyng, (6) the denial of adequate mental health care and ADA claims be served against Thyng, (7) the denial of hygiene items claim be served against defendants Thyng and Blaisdell, and (8) the state law defamation claim be served on defendant Bachofer.

I order the complaint (document nos. 1, 5, 8, 10 & 12-15) be served on defendants Thyng, Blaisdell, Wrenn, Kench, Wilson, Poulin, Cox, Bachofer, and Mailhot.  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order, the Report and Recommendation issued this date and the complaint (document nos. 1, 5, 8, 10 & 12-15).  See LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the

Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants. The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service. See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   September 12, 2007
cc:     Gary DeWayne Johnson, pro se