```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Gary DeWayne Johnson**

    **v.**                                          Case No. 07-cv-161-PB
                                                     Opinion No. 2009 DNH 065

**Robert Thyng**

### O R D E R

On January 6, 2009, I made the preliminary ruling that Gary DeWayne Johnson's claim against Robert Thyng was barred by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), because Johnson had not exhausted all of his administrative remedies prior to bringing his lawsuit challenging prison conditions. Johnson did not complete level three of the prison grievance process, filing a grievance with the Commissioner of the New Hampshire Department of Corrections. In sum, I found that Johnson's Emergency Grievance did not satisfy level three of the grievance process. I also determined that while fear of retaliation at any one level of a grievance process may excuse a prisoner from complying with that level of the process, it does not excuse a prisoner from complying with subsequent levels of the process if he is not inhibited from pursuing relief at those

levels. See Hemphill v. New York, 380 F.3d 680, 690 (2d Cir. 2004). I found substantial evidence in the record to support that Johnson's failure to complete level three of the grievance process was not due to a fear of retaliation. In fact, Johnson admitted that he did not file a grievance with the Commissioner because he believed it would be futile. However, futility is not an excuse for failure to comply with the PLRA exhaustion requirement. Booth v. Churner, 532 U.S. 731, 739 (2001); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002).

Following my preliminary ruling, I allowed Johnson the opportunity to perform additional research and file a ten-page post-trial brief. Since that time, Johnson has submitted multiple memoranda. I have reviewed these memoranda and I agree with Johnson that I should have relied on the NCF Inmate Manual rather than the Concord, New Hampshire State Prison Manual for the Guidance of Inmates. I have reviewed the NCF Inmate Manual, however, and determined that it does not substantively change my analysis or conclusion. I have found no other reason to change my earlier analysis or conclusions.

For the foregoing reasons, the preliminary ruling I announced orally at the January 6, 2009 trial will be enforced. The Defendant's Motion for Leave to File Post Trial Memorandum of Law (Doc. No. 128) and Motion to Strike (Doc. No. 129) are denied

as moot.  The clerk is directed to enter judgment accordingly.

    SO ORDERED.

                                                /s/Paul Barbadoro
                                                Paul Barbadoro
                                                United States District Judge

May 8, 2009

cc:  Gary Dewayne Johnson, pro se
     Danielle Leah Pacik, Esq.